IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dale W. Usery, | ) | Civil Action No. 8:10-CV-775-JDA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for a final Order pursuant to D.S.C. Local Civil Rules 73.02(B)(1) and 83.VII.02, 28 U.S.C. § 636(c); the parties' consent to disposition by a magistrate judge; and the Honorable R. Bryan Harwell's November 18, 2010 Order of reference. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the reasons set forth below, the decision of the Commissioner is reversed and remanded for administrative action consistent with this Order, pursuant to sentence four of 42 U.S.C. § 405(g).[1]

---

[1] Section 1383(c)(3) provides, "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3).

## PROCEDURAL HISTORY

Plaintiff protectively filed claims for DIB and SSI on March 22, 2005, alleging a disability onset date of August 9, 2003.[2] [R. 24–25, 93.] These claims were denied initially on July 19, 2005 [R. 25, 73–82] and upon reconsideration by the Social Security Administration ("the Administration") on February 9, 2006 [R. 24, 56–61]. Plaintiff requested a hearing before an administrative law judge ("ALJ") [R. 51–54], and on April 30, 2007, a hearing was held before ALJ Richard L. Vogel [R. 346–84].

By decision dated July 21, 2007, the ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). [R. 12–23.] Following his review of the evidence, the ALJ found Plaintiff had severe impairments, including status post right lower extremity fractures (kneecap and lower leg); arthritis of the spine; gout; and depression [R. 15, Finding 3], but did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 [R. 15, Finding 4]. The ALJ also found Plaintiff has the residual functional capacity to perform sedentary work activity utilizing a sit/stand option at will, with the following additional limitations: no climbing and kneeling; occasional crouching and stooping; no more than frequent fingering and handling; flexibility to use a cane while upright; and flexibility to prop leg while seated at a 45 degree angle. [R. 16, Finding 5.] Due to his depression, the ALJ found Plaintiff was further limited to a job in a

---

[2] Plaintiff previously filed applications for DIB and SSI in March 1999. [R. 12.] His applications were denied initially and upon reconsideration. [*Id.*] An ALJ rendered an unfavorable decision on these claims in December 2000. [*Id.*] Plaintiff requested Appeals Council review of that decision. [*Id.*] On May 30, 2002, the Appeals Council remanded the ALJ's decision for a new decision and hearing. [*Id.*] After a hearing, the ALJ issued another unfavorable decision on August 8, 2003. [*Id.*] The Appeals Council denied Plaintiff's request for review on June 23, 2004. [*Id.*] Plaintiff did not pursue these claims thereafter. [*Id.*, R. 83-92.]

low stress setting with only occasional decision-making and changes in the work setting. [*Id.*]  With these restrictions, the ALJ determined Plaintiff was unable to perform past relevant work [R. 22, Finding 6] but jobs existed in significant numbers in the national economy Plaintiff could perform  [R. 22, Finding 10].

On January 25, 2010, the ALJ's findings became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the hearing decision.  [R. 3-6; 20 C.F.R. §§ 404.981, 416.1481.]  Plaintiff filed this action for judicial review on March 26, 2010.  [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends (1) the ALJ erred in determining Plaintiff's residual functional capacity by failing to give proper weight to the opinion of consultative examining physician Dr. Harriett Steinert and/or by failing to explain why the ALJ did not adopt Dr. Steinert's opinion; (2) the ALJ erred by relying on the testimony of the vocational expert, whose opinion does not support the ALJ's findings; (3) the Appeals Council erred by failing to review the ALJ's decision in light of new evidence and/or failed to explain why the new evidence did not justify review; and (4) the decision is not supported by substantial evidence.  [Doc 15.]

The Commissioner contends the ALJ's decision is supported by substantial evidence and must be affirmed.  [Doc. 17.]  Specifically, the Commissioner argues (1) objective medical evidence supports the ALJ's findings with respect to Plaintiff's physical limitations, and Dr. Steinert's opinion was "essentially consistent" with the ALJ's residual

functional capacity assessment[3]; (2) the ALJ's hypothetical question to the vocational expert, which tracked the ALJ's residual functional capacity findings, is free of reversible legal error because the ALJ was not required to include limitations in his hypothetical questions to the vocational expert that the ALJ found were not supported by the record; and (3) the Appeals Council was not required to consider the "new evidence" because Dr. Freeman's opinion was not "material" as there was not a reasonable possibility that it would have changed the outcome, and the Appeals Council decision is not subject to judicial review.  [Doc. 17.]

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is

---

[3] The Commissioner also argues that, even assuming the ALJ erred in evaluating Dr. Steinert's opinion, the jobs identified by the vocational expert that the ALJ found Plaintiff could perform more than adequately accommodated the manipulative limitations assigned by Dr. Steinert. [Doc. 17 at 22.]

4

evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "'allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ),'" not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse a Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'" *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42

5

U.S.C. § 405(g)).  Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose."  *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g).  *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision).  To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the plaintiff's residual functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the plaintiff disabled).  Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four may be appropriate to allow the Commissioner to explain the basis for the decision.  *See Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant

6

may produce further evidence on remand."). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[4] With remand under sentence

---

[4]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Ashton v. Astrue*, No. 6:10-cv-152, 2010 WL 5478646, at *8 (D.S.C. Nov. 23, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992). Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S.

six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98. The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability. 42 U.S.C. § 423(a). "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.     The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims). The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings

---

617, 626 n.6 (1990). Accordingly, the Court will apply the more stringent *Borders* inquiry.

8

of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment.  20 C.F.R. §§ 404.1520, 416.920. Through the fourth step, the burden of production and proof is on the claimant.  *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).  The claimant must prove disability on or before the last day of her insured status to receive disability benefits.  *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969).  If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience.  *Id.*  If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a)(4); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. §§ 404.1572(a), 416.972(a)—and gainful—done for pay or profit, whether or not a profit is realized, 20 C.F.R. §§ 404.1572(b), 416.972(b).  If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity.  20 C.F.R. §§ 404.1574–.1575, 416.974–.975.

### B.    *Severe Impairment*

9

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities.  See 20 C.F.R. §§ 404.1521, 416.921.  When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments.   42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).  The ALJ must evaluate a disability claimant as a whole person and not in the abstract, having several hypothetical and isolated illnesses. *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them").  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *Id.* at 50 ("As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.").  If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process."  42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).

### C.     *Meets or Equals an Impairment Listed in the Listings of Impairments*

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. §§ 404.1509 or 416.909, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii), (d).

10

D.      *Past Relevant Work*

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant." *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the claimant's residual functional capacity[5] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work.  20 C.F.R. §§ 404.1560(b), 416.960(b).

E.      *Other Work*

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See* 20 C.F.R. §§ 404.1520(f)–(g), 416.920(f)–(g);  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[6]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving

---

[5]Residual functional capacity is "the most [a claimant] can do despite [his] limitations."  20 C.F.R. § 404.1545(e)

[6]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs. 20 C.F.R. § 404.1569a.  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.*  Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  *Id.*

exertional limitations).  When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931.  In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to perform other work.  20 C.F.R. §§ 404.1569a, 416.969a; *see Walker*, 889 F.2d at 49–50 ("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the [Commissioner] to prove by expert vocational testimony that despite the combination of exertional and nonexertional impairments, the claimant retains the ability to perform specific jobs which exist in the national economy.").  The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform."  *Walker*, 889 F.2d at 50.  For the vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments."  *Id.* (citations omitted).

## II.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.  *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).  The ALJ is required to inquire fully into each relevant issue.  *Snyder*, 307 F.2d at 520.  The performance of this duty is particularly important when a claimant appears without counsel.  *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980).  In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in

12

ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.*
(internal quotations and citations omitted).

### III.    Treating Physicians

The opinion of a claimant's treating physician must "be given great weight and may
be disregarded only if there is persuasive contradictory evidence" in the record. *Coffman
v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citing *Foster v. Heckler*, 780 F.2d 1125, 1130
(4th Cir. 1986) (holding that a treating physician's testimony is entitled to great weight
because it reflects an expert judgment based on a continuing observation of the patient's
condition over a prolonged period of time); *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th
Cir. 1983)).  If a treating physician's opinion on the nature and severity of a claimant's
impairments is "well-supported by medically acceptable clinical and laboratory diagnostic
techniques and is not inconsistent with the other substantial evidence" in the record, the
ALJ must give it controlling weight.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see
Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  The ALJ may discount a treating
physician's opinion if it is unsupported or inconsistent with other evidence. *Craig*, 76 F.3d
at 590.  Similarly, where a treating physician has merely made conclusory statements, the
ALJ may afford the opinion such weight as is supported by clinical or laboratory findings
and other consistent evidence of a claimant's impairments.  *See id.* (holding there was
sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where
the record contained contradictory evidence).

13

When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d), 416.927(d). In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell*, 699 F.2d at 187 (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir.1986).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. §§ 404.1527(e), 416.927(e). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id.*

## IV.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment

14

to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1517, 416.917; *see also* *Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986). The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability. 20 C.F.R. §§ 404.1517, 416.917. Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. *Id.*

## V. Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion). First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'" *Id.* (quoting *Craig,* 76 F.3d at 594). Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain." *Id*. (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the Fourth Circuit's "pain rule," it is well established that "subjective complaints of pain and physical discomfort can give rise to a finding of total disability, even

15

when those complaints [a]re not supported fully by objective observable signs." *Coffman*, 829 F.2d at 518.   The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. §§ 404.1528, 416.928.  Indeed, the Fourth Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990). The Commissioner thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth Circuit (North Carolina, South Carolina, Maryland, Virginia and West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:
>
> ...
>
> **FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence.  If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability.  Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered.  Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

16

SSR 90-1p, 55 Fed. Reg. 31, 898-02 (Aug. 6, 1990), *superseded by* SSR 96-7p, 61 Fed. Reg. 34,483-01 (July 2, 1996) ("If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms."); *see* 20 C.F.R. §§ 404.1529(c)(1)–(c)(2), 416.929(c)(1)–(c)(2).

## VI.     Credibility

The ALJ must make a credibility determination based upon all the evidence in the record.  Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria. *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor.  But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**RFC Analysis and Weight Assigned to Dr. Steinert's Medical Opinion**

Plaintiff contends the ALJ's determination that Plaintiff is capable of frequent fingering and handling conflicts with consultative examining physician Dr. Harriett Steinert's

assessment that Plaintiff is extremely limited in the use of his upper extremities and that Plaintiff would be unable to pick up small objects with his left hand and would have difficulty picking up small objects with his right hand. Plaintiff relies on SSR 96-8p to argue the ALJ's decision in this case is manifestly deficient and not supported by substantial evidence because the ALJ failed to explain why he did not adopt this limitation. The Court agrees.

The Administration has provided a definition of residual functional capacity ("RFC") and explained what a RFC assessment accomplishes:

> RFC is what an individual can still do despite his or her limitations. RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work- related physical and mental activities. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. . . .

SSR 96-8p, 61 Fed. Reg. 34,474-01, at 34,475 (July 2, 1996) (internal citation and footnotes omitted). To assess a claimant's RFC, the ALJ must consider all relevant evidence in the record, including medical history, medical signs, laboratory findings, lay evidence, and medical source statements. *Id.* at 34,477. SSR 96-8p specifically states, "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* at 34,478.

18

The ALJ stated that he accorded Dr. Steinert's opinions "some weight" and that he incorporated her opinions into his RFC assessment by limiting Plaintiff to no more than frequent handling and fingering.  [R. 21.]  In deciding to give "some weight" to Dr. Steinert's opinion, the ALJ reasoned that the opinion is essentially consistent with the ALJ's residual functional capacity findings, i.e., no more than frequent handling and fingering and a sit/stand at will option.  [R. 21.]  It is unclear from the ALJ's reasoning, however, how Dr. Steinert's conclusion that Plaintiff is "unable to pick up small objects with the left hand" and "has difficulty picking up small objects with his right hand as well" supports an ability to perform no more than "frequent handling and fingering."  If the ALJ considered Plaintiff's inability to pick up small objects with his left hand and his difficulty picking up small objects with his right hand in the RFC assessment, it is not evident from his written decision.  If the ALJ did not adopt these limitations, it is not clear from the record why he discounted them.  Because the ALJ failed to explain either (1) his discounting of Dr. Steinert's opinion that Plaintiff  is unable to pick up small objects with his left hand and has difficulty picking up small objects with his right hand,[7] or (2) how this opinion is essentially consistent with the ALJ's RFC findings,[8] the Court finds the ALJ's RFC analysis is not supported by substantial evidence.

---

[7]The Court notes Dr. Charles Fitts opined Dr. Steinert's statement that Plaintiff would have difficulty with a job that requires fine motor skills, lifting or picking up items, or walking was not completely supported by medical evidence.  [R. 316.]  However, the ALJ does not mention this statement or weigh the two contradictory opinions.  The Court is left guess as to how the ALJ weighed the medical opinions of these two doctors and/or how the conflicting medical evidence was addressed.

[8]The Court notes the ALJ found Plaintiff had decreased grip strength, but medical records indicated Plaintiff had a full range of motion of all extremities and no muscle atrophy in any extremity.  [R. 19.]  It is unclear whether this is the basis for the ALJ's discounting of this portion of Dr. Steinert's opinion.  In any event, that the ALJ indicated his RFC is consistent with Dr. Steinert's findings is confusing at a minimum and should be explained.

**Hypothetical to the Vocational Expert**

Plaintiff contends the testimony of the vocational expert ("VE") does not support the ALJ's finding that Plaintiff is capable of making an adjustment to other work that exists in significant numbers in the national economy. Specifically, Plaintiff argues the jobs the VE testified are available to Plaintiff require frequent, if not repetitive, use of the upper extremities, as well as good bi-manual dexterity, which conflicts with the limitations found by Dr. Steinert.

"In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments." *Walker v Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted)). Because the Court finds the ALJ's RFC analysis is not supported by substantial evidence and recommends remanding for a proper RFC analysis, the ALJ should also reconsider the limitations posed to the VE and include a discussion of any additional erosion in the occupational base due to Plaintiff's determined limitations.[9]

**Additional Evidence**

Finally, Plaintiff argues the Appeals Council erred because it declined his request for review despite the additional evidence presented and failed to articulate its reasons for

---

[9]The ALJ found Plaintiff's limitations eroded the unskilled sedentary occupational base. [R. 22.] The VE, in considering Plaintiff's limitations, found Plaintiff could perform work as a machine tender, production associate, and surveillance monitor. [R. 378.] However, on cross examination by Plaintiff's counsel, the VE indicated that the jobs of both machine tender and production associate require frequent use of the upper extremities as well as good bi-manual dexterity and that difficulty in fine manipulation of small objects would interfere with the ability to perform these jobs. [R. 379–81.] Therefore, if the ALJ accepts the additional limitations posed by Dr. Steinert, the occupational base may be even further eroded. Such further erosion, if found, should be addressed by the ALJ.

finding the additional evidence did not provide a basis for reviewing the ALJ's decision. The additional evidence submitted to the Appeals Council included a "Physical Capacity Evaluation" ("PCE") form prepared by his primary care physician, Dr. J. Robert Freeman, dated September 6, 2007.  [R. 332–34.]  In this evaluation, Dr. Freeman opined that Plaintiff can walk, stand, and sit for a total of only five hours in an eight hour period; Plaintiff's impairments would require him to take frequent unpredictable and unscheduled breaks and rest periods if he attempted to work; Plaintiff needed to elevate his right leg frequently to alleviate pain and swelling; and Plaintiff would be absent from work for more than four days per month if he attempted to maintain employment. [*Id.*]  The Appeals Council stated it considered the additional evidence [R. 3], but the Appeals Council denied Plaintiff's request for review without articulating its reasons for finding the information did not provide a basis for changing the ALJ's decision [R. 4].  The Commissioner argues the Appeals Council was not required to consider the PCE because it was not "material" as there was not a reasonable possibility that it would have changed the outcome.

In the Fourth Circuit, a reviewing court must include new evidence reviewed by the Appeals Council in its consideration of the record as a whole in determining whether substantial evidence supports the ALJ's decision:

> The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Evidence is new within the meaning of this section if it is not duplicative or cumulative.  Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome.

*Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991) (citations and footnote omitted).  There is a split of authority as to whether the Appeals Council should be required to articulate its reasoning when it accepts and considers additional evidence but denies review of the ALJ's decision.  *See Jackson v. Astrue*, No. 0:08-cv-579, 2009 WL 1181178, at *5 (D.S.C. May 1, 2009) (discussing split of authority). Because the Court is remanding the case for a proper RFC analysis, the issue of whether the Appeals Council should have provided reasons for its decision is moot, and the Court need not decide whether the Appeals Council must provide reasons for its decision regarding the new evidence.[10]  On remand, the ALJ is directed to consider this new evidence.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Commissioner's decision is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g), and the case is REMANDED to the Commissioner for further administrative action consistent with this Order.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 9, 2011
Greenville, South Carolina

---

[10]The Commissioner has also requested this Court to hold its decision in abeyance pending the ruling by the Fourth Circuit on these issues in *Meyer v. Astrue*, No. 10-1581, which is scheduled for oral argument in October 2011.  The Court declines to stay this action and further delay the proceedings.  It is unknown at this time whether a review of the matter by the Appeals Council will be needed or whether any further new evidence will be submitted to the Appeals Council.